*Fairfield,*
June, 1849.

Beers
*v.*
Housatonuc
Rail-road
Company.

---

WHITE, executor of *S. Selleck, against* BROWN:

### IN ERROR.

The plaintiff, in an action on a promissory note, to prove the loss of it, for the purpose of letting in secondary evidence, offered the testimony of two witnesses. The first testified, that "he informed the defendant, that the plaintiff said she had lost her note against him, and requested him to give her another; which the defendant refused to do, remarking, that if he should,

*Fairfield,*
June, 1849.

White
*v.*
Brown.

and the old note should come to light, he should be accountable for both." The other witness testified, that " the defendant said to him, that the plaintiff had told him, she had lost her note, and wanted him to give her another; and that he told her, he would, if she would give him a writing to kill the first-mentioned note, if it should ever come against him." Held, that this evidence, though it shewed an admission by the defendant, that he once gave a note to the plaintiff, which remained unpaid, did not tend to prove the *loss* of it.

In such case, the silence of the defendant, when informed of the loss of the note, implied no admission of its loss, as he had no means of knowing whether the statement made to him was true or false.

In a suit between the original parties to a note not negotiable, such note is good evidence under the money counts; there being, in such case, no distinction between a negotiable note and one not negotiable.

Where a party, having a claim against the estate of a deceased person, by a promissory note then lost, presented such claim to the executor, as a debt due by note, describing it, by its date, and amount, and as payable on demand, and informing him of its loss; it was held, that this was a sufficient presentment of the claim, without the production of the note.

To support a claim by note against a deceased person's estate, or under the money counts, less particularity of proof is necessary, than in an action on the note specially describing it.

This was an action on a promissory note, alleged to have been made by *S. Selleck*, in his life-time, dated the 30th day of *August*, 1831, in and by which he promised to pay the plaintiff, on demand, the sum of 34 dollars ; which note had been lost or destroyed, by time and accident, and could not, therefore, be produced in court. The declaration also contained a count for money had and received, and the other common counts.

To the first count, the defendant pleaded, 1st, that said *S. Selleck* never did assume and promise ; on which, issue was joined.

2ndly, that the court of probate limited six months from the 5th of *June*, 1804, for the exhibition of claims against the estate of *S. Selleck*, deceased ; that within that time, the plaintiff presented to the defendant, as executor, her claim, in the first count described, which, the defendant, as executor, disallowed and refused to pay, and gave notice thereof to the plaintiff ; and that the plaintiff did not, within six months after she received such notice, commence this action, or any action before any court competent to try the same, against the defendant, for the recovery of said claim.

To the other counts the defendant pleaded, 1st, that the

plaintiff did not exhibit her claim within the time limited. <span style="float:right">*Fairfield,*<br>June, 1849.</span>
2ndly, full payment.

<div style="float:right;text-align:center">White<br>*v.*<br>Brown.</div>

The plaintiff, in her replication, traversed the matters alleged in bar of the money counts; on which issue was joined.

The cause was tried before the county court, *August* term, 1847.

On the trial, the plaintiff did not produce, in evidence, the note described in the first count of the declaration, nor any note executed by said *S. Selleck* to her; but claimed, that the note on which the action was brought, was lost, as alleged in her declaration, and therefore she could not produce it.

To prove such loss, for the purpose of introducing secondary evidence, she offered to the court, the following evidence. 1. The testimony of *Allen Brown*, son of the plaintiff, who testified, that in *September* or *October*, next preceding the decease of *S. Selleck*, (who died *May* 5th, 1844,) the witness called on him, at the plaintiff's request, and informed him, that the plaintiff said she had lost her note against him, and requested him to give her another note for the amount due thereby; that *S. Selleck* then refused to give such note, remarking, that if he should, and the old note should come to light, he should be accountable for both; that the amount of the principal of such note was then named, by the witness, which, he believed, was 34 dollars, but was not positive. He added, that the plaintiff had no steady home, but lived around in different places, and had no particular place to keep papers in. 2. The testimony of *Sylvanus Selleck*, who testified, that in the fall before the decease of the defendant's testator, he told the witness, that the plaintiff had told him, that she had lost her note, and wanted him to give her another; and that he told her, he would, if she would give him a writing to kill the first-mentioned note, if it should ever come against him.

The testimony of these two witnesses was all the evidence offered by the plaintiff, to prove the loss or existence of the note on which the action was brought, or to show the reason why it was not produced in court.

To the admission of this evidence, the defendant objected, insisting, that it was inadmissible, for the purpose for which it was offered; but the court admitted it.

The defendant then insisted, that such evidence was not sufficient to prove the existence or loss of the alleged note; nor sufficient to authorise the introduction, by the plaintiff, of secondary evidence of the existence or contents of such a note. But the court decided, that such evidence was sufficient to authorize the introduction, by the plaintiff, of such secondary evidence.

The plaintiff thereupon offered such secondary evidence, consisting of, 1. the testimony of *Allen Brown* and *Sylvanus Selleck,* above detailed. 2. The testimony of *Sands Selleck,* who testified, that in the life-time of the deceased, he heard him speak, in his family, of his owing the plaintiff 30 dollars, or more. 3. The testimony of *Harriet Redfield,* who testified, that during the last sickness of the deceased, he spoke of the plaintiff, and said he owed her some money—he did not say how much—and she must have her pay; and also said, he had made his will and given her some money by it—she believed his language was, " he had given her some money in his will besides."

The secondary evidence above stated was objected to, by the defendant; but was admitted by the court.

The same testimony was relied upon, by the plaintiff, in support of her declaration. The note in question, it was admitted, was not negotiable.

To the evidence so offered by the plaintiff, in support of her declaration, the defendant objected, insisting, that it was not admissible, and ought not to go the jury, inasmuch as it did not prove, or conduce to prove, either the date, terms or tenor of the note described in the declaration, nor even the existence of such a note; and that, without proof of such note, in the particulars specified, the plaintiff could not recover.

The plaintiff thereupon abandoned the first count, and claimed to recover upon the evidence above stated, under her money counts only; claiming, that under such counts, she was entitled to recover, without any proof of the date, terms or tenor of the note, except so far as shown by said evidence. These claims were resisted, by the defendant, and the reverse of them insisted on. The court overruled his objections, and admitted the evidence, and it went to the jury.

The plaintiff, in support of her replication, and to shew that she exhibited her claim to the defendant, within the time limited by the court of probate, offered the testimony of *Allen Brown,* who testified, that on the 12th of *October,* 1844, he, on behalf of the plaintiff, gave the defendant a written notice of her claim against said estate, of which the following is a copy :

      " *Stanwich, Oct.* 12th, 1844.

Estate of *S. Selleck,* deceased, to *Ann Brown*—Dr.

To a note of hand, bearing date, *August,* 1831, for the sum of 34 dollars, payable on demand."

This witness further testified, that when he gave such written notice to the defendant, he informed him, that his mother claimed, that the note was lost.

The court charged the jury, in opposition to the claims of the defendant, that the note, the existence of which, the plaintiff claimed to have proved, though not negotiable, was good evidence under the money counts ; and that it was not necessary for the plaintiff, in order to recover under these counts, to prove the date of the note, or the tenor thereof, except its amount, and that it was due before the commencement of the action. The court also instructed the jury, that the written notice of claim, so given by the plaintiff, by her agent, to the defendant, in connexion with the testimony of that agent, might be regarded by them as evidence of the exhibition of the plaintiff's claim, under the money counts ; and that the plaintiff need not, for the purpose of proving such exhibition of her claim, prove the existence of a note, corresponding precisely, in its date and terms, with such written notice.

The jury returned a verdict for the defendant, upon the first count, and for the plaintiff, upon the money counts, with 39 dollars, 82 cents, damages. The defendant thereupon filed his bill of exceptions, and brought a writ of error in the superior court ; which was reserved for the advice of this court.

*Hawley,* for the plaintiff in error, contended, 1. That the evidence offered by the plaintiff below, did not authorize the introduction of secondary evidence. In the first place, there was no proof of *loss*—nothing but the mere declarations of the

*Fairfield,*
June, 1849.

White
*v.*
Brown.

plaintiff, not on oath.   There was no evidence of an admission by the deceased, that those declarations were true.   His willingness to give her a new note, if she would indemnify him against the original one, was no such admission, but rather imported a *denial* of the loss ; and, on the other hand, her refusal or omission to give such indemnity, furnished evidence that the note was not lost.   Nor can such admission be inferred from his *silence.*   He knew nothing about the matter, and had nothing to say.   Secondly, there was *no search.*   Nothing but positive proof of destruction or loss, will dispense with a search.   The rule of law cannot be dispensed with, on account of any peculiar habits of the party.

2. That there could be no recovery under the common counts, on the ground of the note, without proof of its terms or tenor.   The proof must be such as to identify the note with certainty, so that the defendant could not be exposed to a second action for the same cause of action. Here the evidence  did not go to prove any particular note ; nor were the jury required to find any : and in a second action, it would be utterly impossible to determine, from anything that appears in this case, whether it was, or was not, for the same cause of action.   Indeed, there should be all the proof that would be necessary under a count upon the note.   There cannot be a recovery in one form of action, on less proof, than would be required in another.   1 *Saund. Pl. & Ev.*  142. [118.] 260. [318.] 241. [320.]   1 *Chitt.* 349. & seq.

3. That the note, not being negotiable, was not admissible under the common counts.   The rule relates entirely to negotiable paper, being borrowed from the law relating to bills of exchange.

4. That on the issue whether the plaintiff's claim had been exhibited, the evidence should not have gone to the jury, and the charge was wrong.   The claim exhibited was specifically described—a note for 34 dollars, dated *August,* 1831, and payable on demand.   The evidence did not tend to prove such a note ; and the jury, by the charge, were not required to find any such note.   All they were required to find, was, a sum due upon a note, its original amount, date, time of payment &c. ; and it would have been enough for

them to have found a note for 1000 dollars, dated in *January*, 1830, and endorsed down to the sum of 39 dollars. The proof must be in conformity with the exhibition. Here the exhibition gave no notice of money had and received, money lent, &c.: and yet the recovery was under these counts only.

5. That the questions in the case were properly brought up.

*Dutton* and *Sturges*, for the defendant in error, contended,
1. That the evidence to prove the loss of the note, was admissible. 2 *Stark. Ev.* 37.

2. That the sufficiency of such evidence, cannot be tried on a bill of exceptions.

3. That if it can be so tried, it is sufficient.

4. That where there is evidence of a loss, there is no need of a search.

5. That where a search is impracticable, it need not be made.

6. That the evidence of the note and of its loss was admissible under the common counts. *Tuttle* v. *Mayo*, 7 *Johns. R.* 132. *Linningdale* v. *Livingston*, 10 *Johns. R.* 36. *Fitch* v. *Bogue*, 19 *Conn. R.* 285.

7. That the exhibition of the plaintiff's claim to the executor, was sufficient.

HINMAN, J. We think the county court erred, in finding there was sufficient evidence of the loss of the note mentioned in the declaration, and in permitting secondary evidence of its existence and contents to be given. The deceased was told, that his daughter said, she had lost her note against him, and was requested to give her another; this he refused to do, and remarked, that if he should, and the old note should come to light, he should be accountable for both: and on another occasion, he said, that the plaintiff had told him, she had lost her note, and wanted him to give her another; and that he told her he would, if she would give him a writing to kill the first-mentioned note, if it should ever come against him. This evidence proves a clear admission that the deceased once gave a note to the plaintiff,

*Fairfield,*
June, 1849.

White
*v.*
Brown.

*Fairfield,*
June, 1849.

White
*v.*
Brown.

which remained unpaid ; but, standing alone, it hardly tends to show the loss of it.

It is said, that the silence of the deceased, when told of the loss of the note, was an implied admission of the truth of the statement made to him. If the deceased had previously known what the fact was, in regard to the note's being lost, undoubtedly his silence would have been strong evidence of his acquiescence in the statement ; but where a party has no means of knowing whether a statement is true or false, his silence amounts to very little. His daughter stated to him, that she had lost her note ; and he did not choose to contradict her. It can hardly be presumed, that there are many fathers, who would contradict a daughter, under such circumstances. But he required a discharge of the first note, before he would give another. This was not unreasonable ; and, we think, destroys what little effect might otherwise be given to his silence, when told of the loss. It is equivalent to saying, " I neither deny nor admit your statement ; but give me a discharge of the old note, and I will give you another."

Upon the other points made by the plaintiff in error, we are satisfied the county court was right. The jury was charged, that the plaintiff's note, though not negotiable, was good evidence under the money counts. There is no distinction, where the action is between the original parties, in respect to the effect of such a note, as evidence under the money counts, arising from its not being negotiable. It is equally evidence of money lent or paid, or of an account stated ; because it is equally an acknowledgment of a debt due, whether negotiable or otherwise. No authority has been referred to, in support of the distinction claimed, and we presume, none can be produced.

We think, too, that the claim was sufficiently presented to the plaintiff in error, as executor of the will of the deceased. It was presented as a debt, due by the note, the date and amount of which were given; and it was stated to have been payable on demand. Clearly, this was enough. But it is said, that the plaintiff below, was unable to prove the description she had given, to be correct. It is true, that she was unable to identify the note sufficiently to enable her to recover upon the count specially describing it, and was oblig-

ed to resort to the money counts : but, at the time of presenting the claim, the executor was informed, that the note was lost. This gave him all the information that it was in the power of the party to give ; and, as the evidence was sufficient to enable her to recover all she could prove to be due on the note, it must also be all that is necessary in presenting the claim.

For the reason first mentioned, the superior court is advised, that there is error in the judgment of the county court.

In this opinion the other Judges concurred.

Judgment to be reversed.